IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK THOMAS, #M19965, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00412-MJR |
| ) | |
| SUPERINTENDENT VINYARD, ) | |
| GALE STOREY, SHERRY BENTON, ) | |
| S.A. GODINEZ, ) | |
| UNKNOWN PARTY #1, ) | |
| and UNKNOWN PARTY #2, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

   Plaintiff, who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is serving an eight-year sentence for aggravated robbery. His claims arose during his incarceration in the Dixon Springs Impact Incarceration Program ("Dixon Springs"),[2] a satellite facility of Vienna Correctional Center ("Vienna"). Plaintiff alleges that Defendants infringed on his rights under the Eighth and Fourteenth Amendments by issuing him a disciplinary ticket for refusing to exercise while on "med bunk" status (Doc. 1). As a result of the disciplinary ticket, Plaintiff claims that he must now serve his full eight-year sentence (Doc. 1, p. 8). Plaintiff seeks

---

[1] On May 2, 2013, Plaintiff filed an identical complaint pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Central District of Illinois. *See Thomas v. Vinyard et al.*, Case No. 13-cv-01205 (C.D. Ill. May 2, 2013).

[2] According to its website (www2.illinois.gov/idoc/facilities), Dixon Springs functions as a "boot camp," whereby eligible offenders approved by the sentencing courts and accepted by the Illinois Department of Corrections shall, upon successful completion of the program requirements, have their sentences reduced to time served and shall serve a term of mandatory supervised release. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites); *see also* 730 ILCS 5/5-8-1.1.

compensatory and punitive damages in the amount of ten million dollars against Defendants[3] (Doc. 1, p. 9).

Specifically, Plaintiff alleges that on April 29, 2011, Defendants Vinyard (Dixon Springs' superintendent) and Storey (Dixon Springs' sergeant) separately ordered him to stand and exercise while Plaintiff was on "med bunk" status for a back injury he sustained the previous day in boot camp (Doc. 1, p. 6). Plaintiff informed both defendants that he was on "med bunk" status. Plaintiff was unable to perform the exercises. Defendant Storey issued him a "false" disciplinary ticket for being a "constant disruption to IIP Procedures."

Plaintiff was transferred to Vienna's segregation unit (Doc. 1, p. 7). There, he attended an adjustment committee hearing. Unknown Parties #1 and #2 (Illinois Department of Corrections ("IDOC") adjustment committee officials) relied entirely on the statements set forth in the disciplinary reports and found Plaintiff guilty.

Plaintiff filed a grievance with Defendant Benton (Administrative Review Board official) (Doc. 1, p. 7). Defendant Benton denied Plaintiff's grievance after failing to properly investigate the matter. Defendant Godinez (IDOC director) signed off on the decision without a proper investigation.

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments (Doc. 1, pp. 7-8). He claims that Defendants subjected him to cruel and unusual punishment by exhibiting deliberate indifference to his medical needs in violation of the

---

[3] Although Plaintiff requests money damages, it appears that he actually seeks a sentence reduction and early release from his incarceration. Without commenting on the merits of Plaintiff's claim, habeas corpus is his remedy, not 42 U.S.C. § 1983. A petition for writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). The Court cannot convert this case to a habeas action. Therefore, if Plaintiff does seek a change in custody, he must bring a separate habeas action after first exhausting his state court remedies.

Eighth Amendment (Doc. 1, p. 7). He claims that Defendants violated his due process rights under the Fourteenth Amendment by failing to properly investigate the April 29, 2011, incident (Doc. 1, p. 8). Finally, he claims that Defendants' actions forced him to serve his full eight-year prison term.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon Plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim against any Defendant.

**Eighth Amendment Claim**

Plaintiff has failed to state an actionable constitutional claim against Defendants under the Eighth Amendment (Count 1). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The standard set forth in *Estelle* includes both an objective and a subjective component. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

To satisfy the objective component, Plaintiff must demonstrate that he is suffering from an "objectively, sufficiently serious" medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). As the Seventh Circuit has made clear, "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez*, 111 F.3d at 1371.

Once Plaintiff satisfies the objective component of this test, he must still satisfy the subjective prong of this inquiry by demonstrating that Defendants displayed deliberate indifference to his medical condition. Deliberate indifference is equivalent to reckless or intentional conduct. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). At a minimum it requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the prison official actually drew the inference. *Brennan*, 511 U.S. at 837.

Even if the Court assumes[4] that Plaintiff's medical condition is serious, Plaintiff still fails to state a cognizable Eighth Amendment claim against Defendants. Plaintiff's complaint does not suggest that any Defendant displayed deliberate indifference to his medical condition. The only allegations related to Plaintiff's Eighth Amendment claim pertain to the actions of Defendants Vinyard and Storey. He alleges that these Defendants "instructed" him to stand and exercise while he was on "med bunk" status (Doc. 1, p. 6). Plaintiff does not allege that either Defendant knew about his back injury or his "med bunk" status prior to giving the instruction. He does not allege that he actually exercised, or even attempted to exercise. He

---

[4] For purposes of this Order, it is not necessary to determine whether Plaintiff's back injury constituted a serious medical condition. Plaintiff clearly fails to demonstrate that Defendants displayed deliberate indifference to his medical condition, and his claim fails on that basis.

does not allege that he was injured in the process, or that his back injury was exacerbated. Plaintiff only asserts that he was "unable to do the exercises requested of him" (Doc. 1, p. 6). These allegations fall far short of the requirements for stating an Eighth Amendment claim against Defendants Vinyard, Storey, or anyone else. Accordingly, Plaintiff's Eighth Amendment claim shall be dismissed without prejudice.

### Fourteenth Amendment Claim

Plaintiff has also failed to state an actionable constitutional claim against Defendants under the Fourteenth Amendment (Count 2). Plaintiff raises potential Fourteenth Amendment claims against Defendant Storey for issuing a false disciplinary report, against Unknown Parties #1 and #2 for disciplining Plaintiff without fully investigating the statements set forth in the disciplinary report, and against Defendants Benton and Godinez for denying Plaintiff's grievance without properly investigating his claims. These claims shall be dismissed.

With regard to Plaintiff's Fourteenth Amendment claim against Defendant Storey, allegations of false disciplinary reports do not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984); *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994) aff'd, 70 F.3d 117 (7th Cir. 1995). The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987). A hearing before a presumably impartial adjustment committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan v. Lane*, supra, 747 F.2d at 1141.

In his complaint, Plaintiff does not allege facts sufficient to suggest that he was denied due process by the adjustment committee. He asserts that Unknown Parties #1 and #2 found Plaintiff guilty after "relying entirely on what the [d]isciplinary [r]eport state[d] without checking and verifying facts" (Doc. 1, p. 7). Plaintiff provides no additional details regarding the adjustment committee hearing. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Plaintiff provides no details regarding his notice and hearing. He indicates that the adjustment committee's determination was based entirely on the disciplinary report. That allegation, alone, provides no basis for a Fourteenth Amendment claim based on a denial of due process. The adjustment committee could have conducted a full and proper hearing and thereafter accepted the statements set forth in the disciplinary report. Plaintiff does not claim any

defect in his notice or hearing under *Wolff*. Accordingly, his Fourteenth Amendment claim against Defendants Storey, Unknown Party #1, and Unknown Party #2 shall be dismissed.

Likewise, Plaintiff's Fourteenth Amendment claim against Defendants Benton and Godinez fails. Beyond asserting that these two Defendants neglected to properly investigate his grievance, Plaintiff has provided the Court with no information regarding the content, investigation, or denial of his grievance. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Plaintiff seems to merely disagree with the outcome of the grievance. A cause of action does not arise under these circumstances. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Accordingly, Plaintiff has also failed to state a Fourteenth Amendment claim against Defendants Benton or Godinez.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice. Defendants **VINYARD, STOREY, BENTON, GODINEZ, UNKNOWN PARTY #1,** and **UNKNOWN PARTY #2** are **DISMISSED** from this action without prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted

"strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 16, 2013**

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**